STATE OF MONTANA ex rel. ORVILLE ARCHIE WAR-
WICK, Relator, *v.* THE DISTRICT COURT of the EIGHT-
EENTH JUDICIAL DISTRICT of the State of Montana,
in and for the COUNTY OF GALLATIN, and the HONOR-
ABLE JACK D. SHANSTROM, Presiding Judge, Respond-
ents.

No. 12343.
Decided Aug. 31, 1972.
500 P.2d 800.

ORDER

PER CURIAM:

Relator was charged on December 16, 1969 by information
with the crime of murder in the first degree alleged to have
been committed some five years prior to the filing of the
action. Relator was convicted and sentenced to life imprison-

ment. On appeal this Court reversed the judgment and ordered a new trial on February 24, 1972, State v. Warwick, 494 P.2d 627.

Relator was incarcerated in the State Prison. Following the reversal of the judgment, relator applied to the district court for bail. A hearing on the application was held on July 7, 1972, the Honorable Jack D. Shanstrom presiding. A transcript of that hearing is before this Court. The trial court denied bail.

Relator has filed a petition for a writ of supervisory control in this Court and we issued an order to show cause directed to the district court. The district court filed a return through the county attorney of Gallatin County answering the contentions of relator and praying that the relief sought be denied. The district court rested on the discretionary power of the Court.

Relator poses basically two issues:

(1) Whether first degree murder is a bailable offense in light of recent United States Supreme Court rulings, and;

(2) Whether the presiding judge abused his discretion in denying bail in this case?

We shall devote our discussion to the second question solely. Heretofore we said a transcript of the hearing is before us. Defendant Warwick offered evidence of good conduct while in prison, of his having made himself available at all times; that he was released on bail after verdict for a period of two weeks and appeared for sentencing. He further made proof as to an amount of bail and its availability. The testimony is that defendant Warwick is not a "security risk".

The State offered no proof to the contrary but relied on the record of the first trial for evidence that the proof is evident or the presumption great that defendant is guilty of the offense charged as that language is used in the Constitution of Montana, Art. III, § 19 and in section 95-1108, R.C.M.1947.

Section 95-1108, R.C.M.1947, provides that the burden of proof is on the State. Section 95-1119, R.C.M.1947, provides for bail on a new trial and section 95-2101(a), R.C.M.1947, defines a new trial as one which places the parties in the same position as if there had been no trial.

Where on appeal the appellate court has reversed a case as here, for error committed in the first trial, and where in its opinion no discussion is had of some five issues on appeal, including one on the sufficiency of the evidence, we find it difficult to use that transcript as proof being evident and the presumption great; without the erroneous admission of the statement, who knows what the jury verdict might have been. The evidence was characterized by this Court as circumstantial.

Using this does not place the parties in the same position as if there had been no trial. We hold that, under the circumstances presented here the trial court abused its discretion in not considering bail. Accordingly, we are remanding the matter to the district court for fixing the amount and conditions of bail. It is so ordered.